UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANDELL ESTERS,

        Petitioner,

                                      CASE NO. 06-CV-12020
v.                                     HONORABLE DENISE PAGE HOOD

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

**I.    INTRODUCTION**

Trandell Esters ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of armed robbery following a bench trial in the Wayne County Circuit Court and was sentenced to 25 to 50 years imprisonment in 2002. In his pleadings, Petitioner raises claims concerning the voluntariness of his police statement, the sufficiency of the evidence, the effectiveness of trial counsel, and the propriety of his sentence. For the reasons stated herein, the Court denies the petition for writ of habeas corpus.

**II.    FACTS AND PROCEDURAL HISTORY**

Petitioner's conviction arises from the armed robbery of a family-owned party store and the murder of two people during the course of that robbery on December 14, 2001. The Michigan Court of Appeals summarized the facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as

1

follows:

> In these consolidated cases, defendants Laron Harper, Cameron Williams, and Trandell Esters were each charged with first-degree felony murder, MCL 750.316(1)(b), and armed robbery, MCL 750.529. They were tried jointly, defendants Harper and Williams before separate juries, and defendant Esters before the trial court. Defendants Harper and Williams were each found guilty of felony murder and armed robbery, and defendant Esters was found guilty of armed robbery. Defendants Harper and Williams were each sentenced to life imprisonment without the possibility of parole for the murder conviction and eighteen to thirty years' imprisonment for the armed robbery conviction. Defendant Esters was sentenced to a term of twenty-five to fifty years' imprisonment for his conviction....
>
> Defendants' convictions arise from the December 14, 2001, robbery of the Three J's Party Store in Detroit, during which the store's owner, Yousif Yono, and his son, Jack, were both fatally shot. All three defendants frequented the neighborhood where the store was located and were familiar with the Yonos. Witnesses observed defendants Harper and Williams at the store shortly before the shooting. One witness identified defendant Harper as one of two men who ran from the store after gunshots were fired. The two men ran to a red or burgundy Neon. Witnesses observed defendant Harper driving such a vehicle before the shooting. Afterward, defendant Williams helped hide a gun that was later identified as having been used in the shooting. Defendant Esters was convicted of aiding and abetting an armed robbery for his role in acting as a lookout person both before and during the robbery, knowing that defendants Harper and Williams were armed and planned to rob the store.

*People v. Esters*, No. 246112, 2004 WL 3217883 (Mich. Ct. App. Dec. 28, 2004) (unpublished).

Following his conviction and sentence, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in the present petition. The Michigan Court of Appeals affirmed his convictions. *Id.* Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Esters*, 474 Mich. 853, 702 N.W.2d 579 (2005).

Petitioner thereafter filed his federal habeas petition with this Court raising claims concerning the voluntariness of his police statement, the sufficiency of the evidence, the effectiveness of trial counsel, and the propriety of his sentence. Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539

U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. ANALYSIS

### A. Involuntary Statement Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting his statements to police, which he claims were involuntary. Respondent contends that this claim lacks merit.

The state trial court conducted an evidentiary hearing concerning the voluntariness of Petitioner's police statements before admitting them at trial. At that hearing, police officer Barbara Simon testified that she interrogated Petitioner on December 15, 2001 after advising him of his

*Miranda* rights and obtaining a signed waiver form. She stated that Petitioner initially denied any knowledge of the robbery, but then told her that he was present and had nothing to do with the robbery or shootings. Polygraph examiner Andrew Sims testified that he also met with Petitioner while he was in custody. Sims stated that he questioned Petitioner after obtaining a signed constitutional rights waiver form. Accordingly to Sims, Petitioner initially denied participating in the crime, but then told him who committed the crime and said that the robbers asked him to see who was inside the store and to act as a lookout. Petitioner told Sims that he looked into the store, but did not go in, and told the robbers who was inside the store. Petitioner then walked home. Police officer Anthony Jackson testified that he interrogated Petitioner after the polygraph examination. Officer Jackson testified that he advised Petitioner of his constitutional rights and executed a written waiver form before asking Petitioner follow-up questions to clarify matters set forth in Petitioner's prior statements. Officer Jackson denied forcing or coercing Petitioner into making any statements and denied telling him that he would be allowed to go home.

Petitioner also testified at the hearing. He admitted initially telling Officer Simon that he knew nothing about the robbery. He said that he talked to the police to obtain the $10,000 reward money. Petitioner claimed that his statement was involuntary and said that he wanted to take a polygraph examination to show that he was telling the truth. Petitioner claimed that the police threw away his initial written statement in which he denied involvement in the crime. Petitioner said that he changed his story to receive the reward. Petitioner said that he wrote that the robbers asked him who was in the store as he was exiting it, that he told them "Jack and Joe," and kept walking to his grandmother's house. Petitioner said that he gave a statement to Officer Jackson because he was ready to go home and the police told him he could go home.

At the conclusion of the hearing, the trial court found the Petitioner's statements were not

5

coerced and that the totality of the circumstances indicated that they were freely and voluntarily made. The court denied Petitioner's motion to suppress his statements. Petitioner's statements were subsequently admitted into evidence at trial.

The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions. *Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question." *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988).

The voluntariness of a confession is a mixed question of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995). In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution...." *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Those circumstances include:

    1. Police Coercion (a "crucial element")
    2. Length of Interrogation
    3. Location of Interrogation
    4. Continuity of Interrogation
    5. Suspect's Maturity
    6. Suspect's Education
    7. Suspect's Physical Condition & Mental Health
    8. Whether Suspect Was Advised of Miranda Rights

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993). All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). Without coercive police activity, however, a confession should not be deemed involuntary. *Connelly,* 479 U.S. at 167 ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause"). Coercion may be

psychological, as well as physical. *See Arizona v. Fulminante*, 499 U.S. 279, 285-89 (1991); *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994). Police trickery alone will not invalidate an otherwise voluntary statement. *See Frazier v. Cupp*, 394 U.S. 731, 737-39 (1969) (interrogator's misrepresentation that co-suspect had already confessed did not render suspect's confession coerced). The burden of proving that a confession was obtained involuntarily rests with the petitioner. *Boles v. Foltz*, 816 F.2d 1132, 1136 (6th Cir. 1987). Voluntariness need only be established by a preponderance of the evidence. *Id.*

The Michigan Court of Appeals denied relief on this claim finding that Petitioner's statements were voluntary and not the product of police misconduct. *See Esters*, 2004 WL 3217883 at *6-7. This Court finds that the Michigan Court of Appeals' determination is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The record indicates that Petitioner was advised of his constitutional rights on multiple occasions, waived his rights, and spoke to the police. He initially denied involvement in the crime, but then admitted knowing that the robbers were armed and intended to rob the store. He also admitted telling the robbers who was in the store and said that they asked him to be a lookout. Petitioner indicated that he made his statements in the hopes of obtaining a reward and being able to go home. Petitioner has failed to allege any facts indicative of police coercion or to otherwise demonstrate that his statements were involuntary. He was 22 years old at the time of his arrest and had prior involvement with the criminal justice system. There is no evidence that he was deprived of food, water, sleep, or any other necessity while in custody. Petitioner has failed to establish that his police statements were involuntary. Habeas relief is not warranted on this claim.

  B. <u>Insufficient Evidence Claim</u>

Petitioner next asserts that he is entitled to habeas relief because the prosecution failed to

present sufficient evidence to support his armed robbery conviction. Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was reasonable. In making this determination, the Court must presume that the state court's factual findings are correct, unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Warren*, 161 F.3d at 360-61.

To convict a defendant of armed robbery under Michigan law, the prosecution must establish the following elements: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See* Mich. Comp. L. § 750.529; *People v. Rodgers*, 248 Mich. App. 702, 707, 645 N.W.2d 294 (2001). To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed acts or gave encouragement which aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he gave the aid or encouragement. *See People v. Carines*, 460 Mich. 750, 757-58, 597 N.W.2d 130 (1999). An aider and abettor's state a mind may be inferred from all the facts and circumstances. *Id*.

Applying the *Jackson* standard, the Michigan Court of Appeals found that the prosecution presented sufficient evidence to support Petitioner's armed robbery conviction based upon his

police statements in which he admitted knowing that the other defendants were armed and intended to rob the party store, telling the robbers who was in the store, and acting as a lookout. *See Esters*, 2004 WL 3217883 at *7. Having reviewed the record, this Court finds that the Michigan Court of Appeals' determination is neither contrary to *Jackson* nor an unreasonable application of federal law or the facts. Petitioner's police statements, along with evidence about the robbery in general, establish his guilt of armed robbery as an aider and abettor. Petitioner has presented no evidence to rebut the state court's factual findings nor has he demonstrated that the state court's conclusion that the facts establish his guilt beyond a reasonable doubt is unreasonable.

To the extent that Petitioner attacks the inferences that the judge drew from the evidence at trial, his claim also fails. Such determinations are not matters for federal habeas review. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). It is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Habeas relief is not warranted on this claim.

    C.    <u>Ineffective Assistance of Counsel Claim</u>

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to call additional alibi witnesses at trial. Respondent contends that this claim lacks merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient.

9

This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* In *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993), the Supreme Court observed that "an analysis focusing solely on outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable is defective." The United States Court of Appeals for the Sixth Circuit has thus concluded that a reviewing court should focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996). "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 1311-12 (quoting *Strickland*, 466 U.S. at 686).

The Michigan Court of Appeals denied relief on this claim finding that defense counsel was

not ineffective for failing to call additional defense witnesses because such testimony was cumulative to the alibi witness who testified at trial and because the testimony did not appear to cover the time period in which the crime occurred. *See Esters*, 2004 WL 3217883 at *7. This decision is neither contrary to *Strickland* nor an unreasonable application of the law or the facts. The record indicates that counsel was aware of six additional witnesses but made a strategic decision not to call them because he believed their testimony would be cumulative. This Court will not second-guess counsel's strategy. Further, there is no indication in the record that any additional witnesses would have been able to provide an alibi for the entire or exact time when the crime occurred. Conclusory allegations without evidentiary support do not provide a basis for habeas relief, nor do they provide a basis for an evidentiary hearing in federal court. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not warrant habeas relief); *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions do not provide a sufficient basis for an evidentiary hearing in habeas proceedings). Petitioner has not shown that counsel erred or that he was prejudiced by counsel's conduct. This is particularly so in light of Petitioner's admissions to police concerning his involvement in the crime. Habeas relief is not warranted on this claim.

    D.    <u>Sentencing Claims</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred in scoring the sentencing guidelines and violated his Sixth Amendment rights in sentencing him. Respondent contends that these claims are not cognizable upon habeas review and lack merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741,

745 (E.D. Mich. 2001). Furthermore, it is well-established that federal habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's challenge to the scoring of the offense variables is not cognizable on federal habeas review because it is basically a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is not warranted on any state law sentencing issue.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the pre-sentence report, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. Habeas relief is not warranted on such a basis.

Petitioner also raises a Sixth Amendment challenge to the trial court's sentencing procedure. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 232 (2005). Petitioner cites *Apprendi* and *Blakely* in his pleadings.

This claim lacks merit. The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006); *accord People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006). Habeas relief is therefore not warranted on Petitioner's sentencing claims.

## V. CONCLUSION

For the reasons stated, this Court concludes that the state courts' denial of relief in this case is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner is not entitled to habeas relief on the claims presented in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

**IT IS FURTHER ORDERED** that the April 16, 2008 Order to Show Cause **[Docket No. 22]** is SET ASIDE.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: September 30, 2008

    I hereby certify that a copy of the foregoing document was served upon counsel of record and Trandell Esters, Reg. No. 368099, Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI 48623 on September 30, 2008, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager